ACCEPTED
06-14-00109-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
5/6/2015 2:34:56 PM
DEBBIE AUTREY
CLERK

# IN THE COURT OF APPEALS FOR THE
## SIXTH DISTRICT OF TEXAS AT TEXARKANA

**MARLO DONTA PERSONS,**
APPELLANT

v.

**THE STATE OF TEXAS,**
APPELLEE

§
§
§
§
§
§
§
§
§

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

5/6/2015 2:34:56 PM

DEBBIE AUTREY
Clerk

**Nos. 06-14-00109-CR**

---

## STATE'S BRIEF

---

### FROM THE 354TH JUDICIAL DISTRICT COURT
### HUNT COUNTY, TEXAS

TRIAL CAUSE NUMBER 29,371
THE HONORABLE RICHARD A. BEACOM, JR., JUDGE PRESIDING

**NOBLE DAN WALKER, JR.**
District Attorney
Hunt County, Texas

**KELI M. AIKEN**
First Assistant District Attorney
P. O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX  75403
kaiken@huntcounty.net
(903) 408-4180
FAX (903) 408-4296
State Bar No. 24043442

**NO ORAL ARGUMENT
REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................. i

INDEX OF AUTHORITIES .................................................................... ii

SUMMARY OF THE STATE'S ARGUMENTS ..................................... 2

STATE'S RESPONSE TO POINTS OF ERROR ONE ...................... 3–5

    The trial court properly found no factual dispute existed regarding Trooper Rhone's traffic stop of Appellant for driving too closely and therefore, did not give the jury a 38.23 instruction.

PRAYER AND CERTIFICATES ............................................................. 6–7

# INDEX OF AUTHORITIES

Cases

*Hamal v. State*, 390 S.W.3d 302 (Tex. Crim. App. 2012)...................................... 3–4

*Madden v. State*, 242 S.W.3d 504 (Tex. Crim. App. 2007).............................. 3, 5–6


Penal Code
TEX. CODE CRIM. PRO, ART. 38.43 (Vernon 2013)............................................... 3, 6

# IN THE COURT OF APPEALS FOR THE
# SIXTH DISTRICT OF TEXAS AT TEXARKANA

**MARLO DONTA PERSONS,** §
   APPELLANT §
§
      v. § **Nos. 06-14-00109-CR**
§
§
**THE STATE OF TEXAS,** §
   APPELLEE §

---

## STATE'S BRIEF

---

TO THE HONORABLE COURT OF APPEALS:

     NOW COMES the State of Texas, Appellee, in this appeal from Cause No. 29,371 in the 354th Judicial District Court in and for Hunt County, Texas, Honorable Richard A. Beacom, Jr., Presiding, now before the Sixth District Court of Appeals, and respectfully submits this its brief to the Court in support of the judgment of sentence in the court below.

1

# SUMMARY OF THE STATE'S ARGUMENTS

The trial court properly found no factual dispute existed and therefore, Appellant was not entitled to an Article 38.23 instruction in the jury charge. At trial, Trooper Zane Rhone presented evidence that he stopped the car Appellant was in (hereinafter "Appellant's car) for violation of two traffic offenses: 1) following another vehicle too closely; and 2) obstructed license plate. RR7/45, lines 5–15[1]. Trooper Rhone's testimony that Appellant's car was following another car too closely was uncontroverted by testimony, evidence, and his in car video. RR 7–8; SE 3B[2]. There was no testimony or evidence presented at trial that contradicted Trooper Rhone's assertion that Appellant's car was following too closely; therefore, Appellant was not entitled to an Article 38.43 instruction and the trial court ruled accordingly.

---

[1] RR refers to Reporter's Record. This cite is to Reporter's Record 7, page 45, lines 5–9.
[2] SE refers to State's Exhibit number. This cite is to State's Exhibit 3B.

## STATE'S RESPONSE TO POINTS OF ERROR ONE

**The trial court properly found no factual dispute existed regarding Trooper Rhone's traffic stop of Appellant for driving too closely and therefore, did not give the jury a 38.23 instruction.**

### Argument and Authorities

A defendant is entitled to an Article 38.23 jury instruction when they prove each of the following prerequisites: 1) the evidence heard by the jury raises an issue of fact; 2) the factual evidence must be affirmatively contested; and 3) the contested factual issue must be material to the lawfulness of the challenged conduct. *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007); *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012); TEX. CODE CRIM. PRO., ARTICLE 38.23 (Vernon 2013). The court must examine whether any fact is being challenged by the evidence. *Hamal v. State*, 390 S.W.3d at 307. In looking for affirmative evidence to raise a factual dispute, "a cross-examiner's questions do not create a conflict in the evidence, although the witnesses' answers might." *Madden v. State*, 242 S.W.3d at 513. Furthermore, if there is no dispute from the evidence about what the officer "did, said, saw, or heard" then the defendant does not meet the first prong and is not entitled to an Article 38.23 instruction. *Hamal v. State*, 390 S.W.3d at 307; TEX. CODE CRIM. PRO., ARTICLE 38.23 (Vernon 2013).

**A. There is no factual dispute that Trooper Rhone saw Appellant's car following another vehicle too closely and committing a traffic offense.**

In this case, there is no factual dispute about what Trooper Rhone saw. In *Hamal*, the defendant argued that the trooper did not have reasonable suspicion to prolong the detention in order to allow for a drug dog to arrive. *Hamal v. State*, 390 S.W.3d 302 at 307. The conversation between the trooper and defendant as well as her answers and actions were depicted in the in car video. Id. at 304–307. The court found:

> The real question in this case is whether there was any factual dispute about what information Trooper Riggs received before and during the stop. The answer to that question is that there was no factual dispute. There was no dispute in the testimony about what the video depicts. There was no conflict in the evidence regarding what appellant and Trooper Riggs said and did..."

*Id.* at 307.

This case is similar to *Hamal* in that there are is no factual dispute that Trooper Zane Rhone saw the Appellant's vehicle following too closely and pulled the car over for a traffic stop. Trooper Rhone testified on both direct and cross during the State's case and the Defense presentation. RR7/34–186; RR8/58–81. During his testimony, Trooper Rhone consistently told the jury that Appellant's car was following too closely to another vehicle. RR7/45–47; p.117, lines 16–18; p.120, lines 16–17; pp.183–184; RR8/69–71; p.79, lines 1–19.     He explained that the safe distance from one vehicle to another traveling under safe speed and

4

similar conditions was at least 150 feet. RR7/45–47. Trooper Rhone testified that Appellant's car was much closer to the vehicle in front of it and one of the reasons he initiated a traffic stop was based on violation of Texas traffic law for driving too closely. *Id.* When his in car video was repeatedly shown to the jury, Trooper Rhone testified that the video showed Appellant's car driving too closely. RR7/111–112, pp.120–121; pp.183–184; RR8/69–71; p.79, lines 1–19; SE 3B. There was no testimony or evidence that contradicted Trooper Rhone's statement that he pulled over Appellant's car for driving too closely. RR7–8. The trial court viewed the in car video and further found there was no factual dispute raised between Trooper Rhone's testimony about the car traveling too closely and the in car video. RR8/41–42.

This case is distinguishable from *Madden* in that there are no statements or evidence that contradict Trooper Rhone's testimony about stopping Appellant's car for following too closely. In *Madden* the court found a factual dispute did exist when the in car video contained a statement by the defendant that he was driving 55 m.p.h. but the trooper testified at trial that the defendant was traveling 61 m.p.h. in a 55 m.p.h. zone. *Madden v. State*, 242 S.W.3d 504 at 506–511. There were no statements in Trooper Rhone's in car video that contradicted his testimony and the video itself showed Appellant's car violating the traffic law cited. SE 3B.

5

Furthermore, at trial no one testified that the driver of Appellant's car was not driving too closely. RR7–8.

**B. As there was no factual dispute about Appellant's car following too closely there was no reason to submit a 38.23 instruction regarding the obstructed license plate.**

As long as the State proved one violation of traffic law to justify the stop of Appellant's car, the second reason for stopping the car does not get submitted to the jury. In *Madden*, the court established that as long as the State could prove one legally sufficient reason to justify the stop, there was no need to submit an Article 38.23 instruction for the other asserted traffic violations. *Madden v. State*, 242 S.W.3d at 516–17; TEX. CODE CRIM. PRO., ARTICLE 38.23 (Vernon 2013). In this case, the State proved that Trooper Rhone had reasonable suspicion to believe that an offense was committed when he saw Appellant's car following too closely to the car in front of it in violation of Texas traffic laws. *See* Section A *supra*.

As Appellant fails to show that he was entitled to an Article 38.23 instruction in the jury charge, Appellant's point of error should be denied and Appellant's sentence affirmed.

## PRAYER

The State prays that the Court will affirm Appellant's sentence.

Respectfully submitted,

**NOBLE DAN WALKER, JR.**
District Attorney
Hunt County, Texas

**/s/ Keli M. Aiken**
**KELI M. AIKEN**
Assistant District Attorney
P. O. Box 441
4th Floor, Hunt County Courthouse
Greenville, TX 75403
kaiken@huntcounty.net
State Bar No. 240434482
(903) 408-4180
FAX (903) 408-4296

7

## CERTIFICATE OF COMPLIANCE OF TYPEFACE AND WORD COUNT

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the undersigned attorney or record certifies that Appellants Brief contains 14-point typeface of the body of the brief and contains 1,587, and was prepared on Microsoft Word 2013.

**/s/ Keli M. Aiken**

KELI M. AIKEN
First Assistant District Attorney
P. O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX 75403
(903) 408-4180
FAX (903) 408-4296
State Bar No. 24043442

## CERTIFICATE OF SERVICE

A true copy of the State's brief has been emailed to Elisha Hollis,

Appellant's attorney, today May 6, 2015, pursuant to local rules.

**/s/ Keli M. Aiken**

KELI M. AIKEN
First Assistant District Attorney
